IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERKAN D.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-07143-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 241-032-110 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Serkan D.[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241. He entered the United States on March 24, 2023, after fleeing persecution based on his Kurdish identity in his home country of Turkey. Dkt. No. 1, at pg. 12. Immigration authorities initially detained Petitioner, but ultimately released him on parole. *Id.* at pg. 7, 12. And because an immigration officer must find that a "noncitizen presents neither a security risk nor risk of absconding" in order to parole that noncitizen into the country, the decision to parole Petitioner "reflect[ed] a determination by the government" that he was "not a danger to the community or a flight risk." *Omer G.G. v.*

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

*Kaiser*, 815 F. Supp. 3d 1098, 1104 (E.D. Cal. 2025) (cleaned up). The record reveals no reason to think otherwise today. To this day, Petitioner has no criminal history and no final order of removal.

In the years since his release, Petitioner filed an application for asylum and withholding of removal. Dkt. No. 1, at pg. 12. But on August 3, 2026, Petitioner was taken into custody by officers from United States Immigration and Customs Enforcement. *Id.* He has remained in immigration detention ever since. So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

This court has granted numerous petitions in circumstances similar to those present here. *See Nepal S. v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-06126-MWJS, 2026 WL 2363564 (E.D. Cal. Aug. 13, 2026); *Carlos Eduardo D.J. v. Mullin*, No. 1:26-cv-04029-MWJS, 2026 WL 1508426 (E.D. Cal. May 29, 2026); *Maxo Ben G. v. Warden of the Mesa Verde Detention Facility*, 1:26-cv-03776-MWJS, 2026 WL 1457554 (E.D. Cal. May 21, 2026); *Alfredo T.H. v. Warden of the Cent. Valley Annex*, No. 1:26-cv-03179, 2026 WL 1455097 (E.D. Cal. May 22, 2026); *Sergio D.L.S. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. The only question in this case, therefore, is whether there is any material distinction from those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders" such as the ones listed above. Dkt. No. 6. The court thanks Respondents for their timely response. Dkt. No. 7. In it, they maintain their position that Petitioner's arrest and detention was constitutional. They further note that Petitioner is "bond-eligible, and indeed previously requested but then withdrew his request for a bond hearing." *Id.* at pg. 1. And contend that "[b]ecause [P]etitioner has an available administrative mechanism for requesting bond, he should avail himself of that mechanism, rather than seeking a bond hearing through a habeas petition." *Id.* Accordingly, they submit the "fact of an available path to a bond hearing that [P]etitioner has previously rejected differentiates this case from the cases cited in the Court's minute order." *Id.*

The court is not persuaded. In each of the cases cited in the court's order to show cause, the court concluded that the government's re-detention of the petitioner without pre-deprivation process violated the requirements of due process and required the petitioner's immediate release. Respondents' arguments about the availability of a bond hearing may "nod[] towards the fact that, in some circumstances, it can be sufficient to provide a noncitizen with post-deprivation process, in which case the remedy of a bond hearing—rather than immediate release—can suffice." *Carlos David R.F. v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-04330-MWJS, 2026 WL 2365345, at *2 (E.D. Cal. Aug. 14, 2026). But the government has not offered any factual

or legal basis which might distinguish this case from those where pre-deprivation process has been required, such as "significant criminal history," evidence of extraordinary circumstances or urgent concerns surrounding his arrest, or an especially strong governmental interest. Dkt. No. 8; *see also* Dkt. No. 6. And "[g]iven that Respondents have not made any argument that post-deprivation process would suffice here, the court cannot accept that it would." *Carlos David R.F.*, 2026 WL 2365345, at *2; *see also, e.g., Victor Manuel F.M. v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-06417-MWJS, 2026 WL 2516711, at *2 (E.D. Cal. Aug. 25, 2026) (explaining that the failure to request a custody redetermination hearing "might be significant if the court were to conclude that a bond hearing would be sufficient to address the violation of Petitioner's rights," but because the court was "not reaching such a conclusion here," the argument that Petitioner should first request a bond hearing did not "bear on the court's decision to grant immediate release").

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED, for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Petitioner Serkan D. (A# 241-032-110) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED

AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner. This order resolves all pending motions.

IT IS SO ORDERED.

DATED: September 16, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge